**United States District Court**
For the Northern District of California

1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10

EVOLUTIONARY INTELLIGENCE, LLC,

11

      Plaintiff,

No. C 13-04201 WHA

12

  v.

13

APPLE, INC,

14

      Defendant.

15

/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY PENDING *INTER PARTES* REVIEW**

16

     In this patent infringement action, defendant moves to stay pending *inter partes* review.

17

For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

18

**STATEMENT**

19

     In October 2012, Evolutionary Intelligence, LLC filed a complaint alleging infringement

20

of U.S. Patent Nos. 7,010,536 (the "'536 patent") and 7,702,682 (the "'682 patent") in the

21

Eastern District of Texas.  Evolutionary asserts that Apple, Inc. infringes claims 1-16 of the '536

22

patent and claims 1-11, 14-23 of the '682 patent — a total of 37 asserted claims (Opp. 3).

23

Evolutionary also filed eight other actions alleging infringement of the same two patents.

24

Evolutionary does not currently practice the claimed technology, but Incandescent, Inc., a non-

25

party, is "currently developing a web browser product that will ultimately practice the

26

technology of the Asserted Patents" (McCarthy Decl. Exh. E, De Angelo Decl. ¶ 5).  In February

27

2013, after an amended complaint was filed, Apple filed an answer and asserted four

28

counterclaims.  The counterclaims seek declaratory judgment of non-infringement and invalidity

of the '536 and '682 patents.

**United States District Court**

For the Northern District of California

1    During July to September 2013, the nine actions were transferred to this district.  This

2  action was transferred in September.  An October 8 order denied relating the nine actions.

3  *Evolutionary Intelligence, LLC v. Yelp, Inc.*, No. 4:13-cv-03587-DMR, Dkt. No. 82 (N.D. Cal.

4  Oct. 8, 2013).

5    In October 2013, Apple filed six petitions for *inter partes* review by the new United

6  States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB"), collectively

7  challenging the validity of all of the asserted claims.  Evolutionary's responses by the PTAB will

8  be complete by January 23, 2014 (Br. 3).  Any decision to institute trial on the petitions (or deny

9  review) will likely issue by April 2014.  35 U.S.C. 314(b).  A final determination shall issue

10  within one year (unless there is good cause to extend the period by no more than six months).

11  35 U.S.C. 316(a)(11).  That is, a final determination will likely issue by April 2015.  Yelp, Inc.,

12  Twitter, Inc., and Facebook, Inc. have also filed petitions for *inter partes* review of the asserted

13  patents.  The following chart summarizes the petitions.

| Case Number | Patent and Claims | Entity |
| --- | --- | --- |
| IPR2014-00082 | '536 patent claims 1, 3-15 | Apple |
| IPR2014-00083 | '536 patent claims 1, 3-15 | Apple |
| IPR2014-00085 | '536 patent claims 2-14 and 16 | Apple |
| IPR2014-00086 | '536 patent claims 2-14 and 16 | Apple |
| IPR2014-00092 | '536 patent claims 1-16 (all claims) | Yelp and Twitter |
| IPR2014-00093 | '536 patent claims 15 and 16 | Facebook |
| IPR2014-00079 | '682 patent claims 1-23 (all claims) | Apple |
| IPR2014-00080 | '682 patent claims 1-23 (all claims) | Apple |

23    In November and December 2013, defendants in seven actions moved to stay pending

24  *inter partes* review.  *Yelp*, Dkt. No. 91 (noticed for Dec. 18); *Evolutionary Intelligence, LLC v.*

25  *Apple, Inc.*, No. 3:13-cv-04201-WHA, Dkt. No. 111 (noticed for Jan. 9); *Evolutionary*

26  *Intelligence, LLC v. LivingSocial, Inc.*, No. 3:13-cv13-04205-WHO, Dkt. No. 82 (noticed for Jan.

27  15); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 3:13-cv-04202-SI, Dkt. No. 128

28  (noticed for Jan. 24); *Evolutionary Intelligence, LLC v. Foursquare Labs, Inc.*,

United States District Court

For the Northern District of California

1    No. 3:13-cv-04203-MMC, Dkt. No. 89 (noticed for Jan. 24); *Evolutionary Intelligence, LLC v.*

2    *Groupon, Inc.*, No. 3:13-cv-04204-SI, Dkt. No. 96 (noticed for Jan. 24); *Evolutionary*

3    *Intelligence, LLC v. Twitter, Inc.*, No.  3:13-cv-04207-JSW, Dkt. No. 95 (noticed for March 7).

4    A December 18 order granted Yelp's motion to stay pending *inter partes* review (Dkt. No.

5    108).

6    ## ANALYSIS

7    Apple requests a stay pending resolution of the *inter partes* review petitions filed with the

8    United States Patent and Trademark Office Patent Trial and Appeal Board, or alternatively, a

9    temporary stay pending the PTAB's decision on whether to institute trial on Apple's petitions.

10    "Courts have inherent power to manage their dockets and stay proceedings, including the

11    authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*,

12    849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citation omitted).  In determining whether to grant a

13    stay pending reexamination, courts consider:  (1) whether discovery is complete and whether a

14    trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case;

15    and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the

16    non-moving party. *Spectros Corp. v. Thermo Fisher Scientific, Inc.*, No. 4:09-cv-01996-SBA,

17    2010 WL 338093, at *2 (N.D. Cal. 2010) (Judge Saundra Armstrong).

18    ### 1.    STAGE OF THE LITIGATION.

19    Discovery is far from complete in this action.  In June 2013, Evolutionary served twelve

20    "common interrogatories" on nine defendants (McCrary Decl. Exh. B).  The parties exchanged

21    initial disclosures and Evolutionary served infringement contentions.  Evolutionary produced

22    approximately 4,000 pages and contends that its production is "substantially complete" (Opp. 24).

23    The parties have begun to meet and confer regarding access to source code, among other

24    discovery, but no access to source code has been provided to date.  No protective order has been

25    entered.  The non-expert and expert discovery cutoff is currently set for September 30, 2014 and

26    trial is set for January 26, 2015 (Dkt. No. 114).

27    Although Evolutionary argues that any delay in discovery is entirely of Apple's own

28    making, this order finds that substantial portions of discovery on the merits of this action have yet

3

1    to occur.  No depositions have been taken and expert reports have not been exchanged.  The stage

2    of discovery in this action weighs in favor of a modest partial stay to learn the PTAB's decision

3    regarding Apple's petitions.

4         Evolutionary also argues that a stay is premature because the PTAB has yet to decide

5    whether to move forward with *inter partes* review.  This order agrees.  A full stay is not yet

6    warranted because the PTAB may decide to deny review of the '682 patent or one or more claims

7    of the '536 patent.  A modest partial stay to learn the PTAB's decision whether to grant *inter*

8    *partes* review of any (or all) of the asserted claims, however, may be helpful to this action.

9         **2.     SIMPLIFICATION OF ISSUES.**

10   Evolutionary argues that a stay will not simplify the action.  A stay pending reexamination

11   is justified where "the outcome of the reexamination would be likely to assist the court in

12   determining patent validity and, if the claims were canceled in the reexamination, would

13   eliminate the need to try the infringement issue."  *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159

14   F.3d 1337, 1341 (Fed. Cir. 1998).  A stay may also be granted in order to avoid inconsistent

15   results, obtain guidance from the PTAB, or avoid needless waste of judicial resources.

16   Evolutionary argues that it is unlikely that *inter partes* review will eliminate the need for

17   this action involving 37 asserted claims.  The PTAB will only review invalidity — not

18   infringement or claim construction.  Evolutionary cites *Esco Corp. v. Berkeley Forge & Tool,*

19   *Inc.*, No. C 09-cv-1635-SBA, 2009 WL 3078463, at \*1, 3 (N.D. Cal. Sept. 28, 2009), for the

20   proposition that to truly simply issues, the outcome of a reexamination would resolve all issues in

21   a litigation.  There, the PTO had already issued an order confirming the validity of the majority of

22   the claims for one of the two asserted patents.  Here, by contrast, *inter partes* review has been

23   sought on all of the asserted claims for both asserted patents.  The PTAB's review on Apple's

24   petitions, if granted, could potentially streamline invalidity, claim construction, and infringement

25   issues in this action.  For example, if one or more independent (or dependent) claims are

26   cancelled, then this action would not need to proceed on the merits for those specific invalid

27   claims.  On the other hand, if no asserted claims are cancelled or modified, this action may

28   nevertheless benefit from the PTAB's findings.

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

1    Furthermore, there is a not insubstantial likelihood that the PTAB's decision could

2    implicate issues in this action. Evolutionary states that historically, 42% of reexaminations

3    resulted in cancellation or disclaimer of all of the claims, 40% of reexaminations resulted in a

4    change in some of the examined claims, and 11% of reexaminations resulted in confirmation of

5    all of the examined claims (Opp. 7). *Inter partes* reexamination statistics may, of course, end up

6    with little bearing on *inter partes* review statistics, but Evolutionary relies on reexamination

7    statistics because *inter partes* review statistics are not currently available. In any event, there is a

8    possibility that one or more of the asserted claims may be changed or cancelled, expressly since

9    the PTAB has recently been deciding to hear at least 85% of the petitions received by it. This

10   action may benefit from the PTAB's decision in this regard. Development of the *inter partes*

11   review record may also clarify claim construction positions for the parties, raise estoppel issues,

12   and encourage settlement.

13   There is also little benefit to be gained from having two forums review the validity of the

14   same claims at the same time. Granting a four-month stay to provide the PTAB time to consider

15   whether to grant *inter partes* review will minimize the risk of inconsistent results and conserve

16   resources.

17   **3.    PREJUDICE.**

18   Evolutionary argues that a stay would cause undue prejudice because it would (1) result in

19   the loss of evidence, (2) deprive plaintiff of a right to exclude others from practicing the asserted

20   patents, and (3) reward Apple for waiting until the last day of the statutory period to file its

21   petition for *inter partes* review. *First*, Evolutionary's spoliation claim is entirely speculative at

22   this point. Evolutionary does not allege that spoliation has in fact occurred. Rather, Evolutionary

23   alleges that Apple's source code is frequently modified as new versions are released, employees

24   often leave Apple, and a stay of up to two years could harm Evolutionary's ability to obtain

25   discovery because memories fade. This argument is untenable. Without specific evidence based

26   on sworn testimony that spoliation has in fact occurred, a vague generalized "loss of evidence"

27   argument is unpersuasive. The benefits derived from learning the decision of the PTAB far

28   outweigh Evolutionary's misguided loss of evidence attack.

5

United States District Court

For the Northern District of California

1    *Second*, Evolutionary argues that its business model depends on its ability to prevent

2    others from practicing the technology claimed in the asserted patent (Opp. 17–18). "If a stay is

3    granted, Plaintiff will be unable to license or otherwise benefit from the patent during the

4    pendency of the IPRs, and will lose the benefit of the patents during the time they have the most

5    potential value." Not so. Evolutionary's asserted prejudice is greatly exaggerated. A modest

6    partial stay to allow the PTAB to consider Apple's *inter partes* review petitions will not deprive

7    Evolutionary of any "right to exclude others." Should the asserted claims survive *inter partes*

8    review, this action would likely proceed and the parties could litigate the merits of this action,

9    including whether an injunction and/or damages are appropriate. Should one or more of the

10   asserted claims not survive *inter partes* review, Evolutionary should not be entitled to exclude

11   others from practicing invalid claims. In any event, a modest four-month partial stay of this

12   action does not prevent Evolutionary from continuing any licensing efforts it intends to continue

13   during the next four months.

14   *Third*, Evolutionary argues that Apple waited until the last day of the statutory period to

15   file its *inter partes* review petition. 35 U.S.C. 315(b). Apple responds that Evolutionary waited

16   until May 2013 to serve its voluminous infringement contentions and within five months, Apple

17   filed six *inter partes* review petitions, collectively challenging all of the asserted claims. Apple's

18   submissions total approximately 6,650 pages. Even so, this reeks of gamesmanship. This action

19   was filed in October 2012. Apple did not have to wait until the last day of the statutory period —

20   in October 2013 — to file its *inter partes* review petitions. They also did not have to wait until

21   December 2013 to file this motion to stay. Nevertheless, this order finds that a modest partial

22   stay to await the PTAB's decision regarding whether to grant review is warranted.

23                                          **CONCLUSION**

24   Defendant's motion to stay is **GRANTED IN PART AND DENIED IN PART**. This action is

25   hereby **PARTIALLY STAYED** pending the PTAB's decision regarding whether to institute trial on

26   Apple's petitions. This action is **STAYED**, except that Rule 26(a)(1) initial disclosures,

27   infringement contentions, and invalidity contentions will proceed as scheduled. No

28

6

1   interrogatories, requests for production, and requests for admission, however, will be permitted

2   until the stay is lifted.

3        The parties shall file a joint status statement (not to exceed **SEVEN PAGES**) by **APRIL 29**, or

4   if earlier, the date of the PTAB's decision regarding Apple's petitions for *inter partes* review.  A

5   fresh look may be taken at any further request to stay all or a portion of this action upon the

6   PTAB's decision.

7

8        **IT IS SO ORDERED.**

9

10   Dated:   January 9, 2014.

11                                             WILLIAM ALSUP
                                               UNITED STATES DISTRICT JUDGE