# Exhibit A

PATRICK E. KING (CA Bar No. 211975)
pking@stblaw.com
JEFFREY E. DANLEY (CA Bar No. 238316)
jdanley@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>              Plaintiff,<br><br>              v.<br><br>SPRINT NEXTEL CORPORATION, SPRINT COMMUNICATIONS COMPANY L.P., SPRINT SPECTRUM L.P., SPRINT SOLUTIONS INC.,<br><br>              Defendants. | Case Nos. C-13-04513 RMW, C-13-04201 JD, C-13-04202 SI, C-13-04203 MMC, C-13-04204 SI, C-13-04205 WHO, C-13-04206 EJD, C-13-04207 JSW, C-13-03587 DMR<br><br>**APPLE INC.'S RESPONSE REGARDING CONSOLIDATION** |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>              Plaintiff,<br><br>              v.<br><br>APPLE INC.,<br><br>              Defendant. | |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>              Plaintiff,<br><br>              v.<br><br>FACEBOOK, INC.,<br><br>              Defendant. | |

| | |
|---|---|
| 1 | |
| 2 | EVOLUTIONARY INTELLIGENCE, LLC, |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | FOURSQUARE LABS, INC., |
| 6 | Defendant. |

| | |
|---|---|
| 7 | EVOLUTIONARY INTELLIGENCE, LLC, |
| 8 | Plaintiff, |
| 9 | v. |
| 10 | GROUPON, INC., |
| 11 | Defendant. |

| | |
|---|---|
| 12 | EVOLUTIONARY INTELLIGENCE, LLC, |
| 13 | Plaintiff, |
| 14 | v. |
| 15 | LIVINGSOCIAL, INC., |
| 16 | Defendant. |
| 17 | |

| | |
|---|---|
| 18 | EVOLUTIONARY INTELLIGENCE, LLC, |
| 19 | Plaintiff, |
| 20 | v. |
| 21 | TWITTER, INC., |
| 22 | Defendant. |

| | |
|---|---|
| 23 | EVOLUTIONARY INTELLIGENCE, LLC, |
| 24 | Plaintiff, |
| 25 | v. |
| 26 | YELP, INC., |
| 27 | Defendant. |
| 28 | |

APPLE'S RESPONSE RE: CONSOLIDATION, Case Nos. C-13-04513, C-13-04201, C-13-04202, C-13-04203, C-13-04204, C-13-04205, C-13-04206, C-13-04207, C-13-03587

2

EVOLUTIONARY INTELLIGENCE, LLC,

        Plaintiff,

    v.

MILLENNIAL MEDIA, INC.,

        Defendant.

## APPLE'S RESPONSE REGARDING CONSOLIDATION

Apple Inc. ("Apple") respectfully submits the following objection to the Court's Order of June 23, 2014, (Dkt. No. 143),[1] regarding consolidation of the nine Evolutionary Intelligence, LLC ("Evo Intel") actions. In particular, Apple has concerns that its ability to defend itself against Evo Intel's allegations may be adversely affected if the defendants go forward as a group during the claims construction process and believes that this concern is especially acute here, where the plaintiff asserts various groups of claims against disparate and unrelated products. Apple wishes to bring these concerns to the Court's attention as it considers the ramifications of consolidation.

The nine cases filed by Evo Intel each concern a different defendant, different accused products and services, and in many cases different asserted claims. *See Evolutionary Intelligence, LLC v. Yelp, Inc.*, Case No. 13-cv-3587 DMR, Dkt. No. 105 at 2 (N.D. Cal. Oct. 8, 2013). As Magistrate Ryu noted in a previous decision, "[t]here are no allegations that these defendants or products are related in any way." *Id.* For instance, it appears that Apple is one of the few, and potentially the only, defendant that has hardware accused of infringement.[2] *Id.* at 2-3. The remaining defendants appear to face claims solely against various software applications or products, which relate to such diverse implementations as social networking, advertising, online

---

[1] Citations to the docket refer to the docket in *Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Case No. 5:13-cv-4513-RMW, unless otherwise noted.

[2] It is unclear whether Evo Intel's allegations regarding Sprint's CDMA and 3G networks implicate hardware. Even then, these networks have little, if any, resemblance to Apple's iOS operating system and compatible devices.

APPLE'S RESPONSE RE: CONSOLIDATION, Case Nos. C-13-04513, C-13-04201, C-13-04202, C-13-04203, C-13-04204, C-13-04205, C-13-04206, C-13-04207, C-13-03587

3

coupons, and information networks. *Id.* at 3. In addition, as noted in the following chart, a number of claims in Evo Intel's patents are asserted against some, but not all, defendants:

| DEFENDANT | Claims Asserted in U.S. Patent No. 7,010,536 | Claims Asserted in U.S. Patent No. 7,702,682 |
|---|---|---|
| Apple Inc. | 1-16 | 1-11, 14-23 |
| Facebook, Inc. | 1-16 | 1-11, 14-23 |
| Twitter, Inc. | 1-16 | 1-11, 14-23 |
| Millennial Media, Inc. | 1-16 | 1, 3-7, 10, 11, 14-22 |
| Sprint, et al. | 1-12, 14-16 | 1-11, 14-23 |
| Groupon, Inc. | 1-5, 7-16 | 1, 3-7, 10, 11, 14-23 |
| Livingsocial, Inc. | 1-4, 7-9, 11-16 | 1, 3-7, 10, 11, 14-16, 19, 21 |
| Foursquare Labs, Inc. | 1-16 | 1, 3-7, 10, 11, 14-23 |
| Yelp, Inc. | 1-9, 11-16 | 1, 3-7, 10, 11, 15, 16, 19, 21 |

The fact that different claims have been asserted against different defendants may lead to a situation in which the defendants take different views as to which claim terms require construction. For example, the following claim terms in U.S. Patent No. 7,702,682 are unique to claims asserted against some, but not all, defendants: "parent-child relationship" (Claim 2), "container search level parameter" (Claims 8 and 9), "metric" (Claim 14), and "passes through" (Claim 17). Also, the following claim terms in U.S. Patent No. 7,010,536 are unique to claims asserted against some, but again not all, defendants: "predefined register" (Claim 5), "user-created register" (Claim 6), "means for allowing interaction" (Claim 10), and "expert system" (Claim 13). Because Evo Intel has asserted its patents against a host of unrelated products involving fundamentally different technologies, it is extremely likely that the defendants will require that different terms in each case be construed.

Apple is concerned that imposing the constraints of the Patent Local Rules on the defendants as a group may require individual defendants to give up claim construction arguments important to specific non-infringement or invalidity defenses. For example, the Patent Local

APPLE'S RESPONSE RE: CONSOLIDATION, Case Nos. C-13-04513, C-13-04201, C-13-04202, C-13-04203, C-13-04204, C-13-04205, C-13-04206, C-13-04207, C-13-03587

4

Rules limit parties to identifying a total of ten most significant terms for construction, *see* Patent Local Rules 4-1(b) and 4-3(c), which might restrict a defendant in a consolidated action from presenting arguments on terms, unique to that defendant's arguments, that are critical to understanding how the asserted patents do not read on the specific accused products. At the very least, consolidated proceedings would likely force the separate defendants in the nine actions into the position of sharing a limited number of pages in their claim construction brief.

Individually or taken together, these issues create a tension among the defendants' competing interests. Although Apple is generally unopposed to consolidation when it results in efficiency, Apple is concerned that consolidating claim construction in these actions may sacrifice the defendants' abilities to defend themselves against Evo Intel's claims in the interest of this perceived efficiency. Accordingly, Apple requests that the Court either decline to coordinate the cases or take the necessary precautions to ensure that the coordination does not hamper any defendant's opportunity to fully develop its case.

Dated: July 2, 2014

Respectfully submitted,

*/s/ Patrick E. King*

PATRICK E. KING
PATRICK E. KING (CA Bar No. 211975)
pking@stblaw.com
JEFFREY E. DANLEY (CA Bar No. 238316)
jdanley@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Defendant Apple Inc.*

APPLE'S RESPONSE RE: CONSOLIDATION, Case Nos. C-13-04513, C-13-04201, C-13-04202, C-13-04203, C-13-04204, C-13-04205, C-13-04206, C-13-04207, C-13-03587

5