GUTRIDE SAFIER LLP
Adam J. Gutride (State Bar No. 181446)
  adam@gutridesafier.com
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
  todd@gutridesafier.com
Anthony J. Patek (State Bar No. 228964)
  anthony@gutridesafier.com
Marie McCrary (State Bar No. 262670)
  marie@gutridesafier.com
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 789-6390
Facsimile:  (415) 449-6469


Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>                  Plaintiff,<br><br>      v.<br><br>YELP, INC.,<br><br>                  Defendant. | Case No. 5:13-cv-3587-DMR<br><br>**Plaintiff's Statement of Consent to Consolidation** |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>                  Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>                  Defendant. | Case No. 3:13-cv-4201-JD |

| | | |
|---|---|---|
| 1 | EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 3:13-cv-4202-SI |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | FACEBOOK, INC., | |
| 5 | Defendant. | |
| 6 | EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 3:13-cv-4203-MMC |
| 7 | | |
| 8 | Plaintiff, | |
| 9 | v. | |
| 10 | FOURSQUARE LABS, INC., | |
| 11 | Defendant. | |
| 12 | EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 3:13-cv-4204-SI |
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | GROUPON, INC., | |
| 16 | Defendant. | |
| 17 | EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 3:13-cv-4205-WHO |
| 18 | | |
| 19 | Plaintiff, | |
| 20 | v. | |
| 21 | LIVINGSOCIAL, INC., | |
| 22 | Defendant. | |
| 23 | EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 5:13-cv-4206-EJD |
| 24 | Plaintiff, | |
| 25 | v. | |
| 26 | MILLENNIAL MEDIA, INC., | |
| 27 | | |
| 28 | | |

Statement of Consent to Consolidation, page 2
5:13-cv-4206-EJD

| | | |
|---|---|---|
| 1 | Defendant. | |
| 2 | EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 3:13-cv-4207-JSW |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | TWITTER, INC., | |
| 6 | Defendant. | |
| 7 | EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 5:13-4513-RMW |
| 8 | Plaintiff, | |
| 9 | v. | |
| 10 | SPRINT NEXTEL CORP., et al., | |
| 11 | Defendant. | |

**PLAINTIFF'S STATEMENT OF CONSENT TO CONSOLIDATION**

Plaintiff believes that consolidation is necessary to avoid the significant inefficiencies that would be guaranteed by proceeding with these cases separately. These nine cases are currently assigned to eight different judges. Unless the cases are consolidated, each of the eight judges will need to gain extensive familiarity with the asserted patents, each of which is significantly more complex than the average patent. To do so, each of the eight judges will need to review the prosecution histories of the patents, as well as the Patent Office's written decisions in each of the eight petitions for *inter partes* review. Each of the eight judges will also need to independently determine whether each of the asserted claims are invalid in light of the same prior art references that will be submitted by the defendants. (It is nearly certain that the defendants will assert identical prior art references.)

1    More importantly, consolidation is necessary to ensure that claim
2    construction is handled efficiently and that different judges do not adopt
3    inconsistent constructions of claim terms. In these cases, the exact same
4    independent claims of the '536 patent (claims 1, 2, 15, and 16), as well as
5    independent claims 1 and 19 of the '682 patent, are asserted against *all* the
6    defendants. Accordingly, at a minimum, *every* case will involve the
7    foundational claim terms "container," "register," and "gateway,"
8    "information element," "active space register," "passive register," "neutral
9    space register," "historical data," and "encapsulated/encapsulating." It would
10   be inefficient for eight different judges to construe these terms, and it would be
11   far worse if two or more judges were to adopt inconsistent constructions for
12   any term. Further, there is no need for Evolutionary Intelligence's counsel to
13   attend eight or nine separate claim construction hearings and argue for the
14   same constructions eight or nine times.

15   This is not a situation where many different claims are asserted against
16   different defendants. As shown in the chart attached as **Exhibit A**, there is
17   significant overlap in the claims that are asserted against the defendants. For
18   example, as the chart shows, there is no claim that is asserted against any
19   defendant that is not also asserted against at least two other defendants. (*See*
20   Ex. A.) In addition, as the chart shows, *all* claims that are asserted against any
21   defendant are being asserted against Apple, Facebook, and Twitter. (Put
22   another way, there are no claims that are asserted against any defendant that
23   are not also being asserted against Apple, Facebook, and Twitter.) Accordingly,
24   any judge who handles any of these three cases will necessarily grapple with all
25   the claims that are asserted in each of these nine cases.

26
27
28

Statement of Consent to Consolidation, page 4
5:13-cv-4206-EJD

1       Consolidation would also result in efficient and uniform treatment of

2   discovery issues. There is no need for eight separate protective orders to be

3   negotiated, briefed, and entered by different judges. Nor is there any need for

4   nine different schedules, or nine different orders regarding discovery rules.

5   Further, because Evolutionary Intelligence will seek to review source code in all

6   of these cases, efficiency would be served by having the same judge resolve the

7   disputes that typically arise regarding source code review.

8       It is generally true that the defendants have different products. But that fact

9   only further shows why consolidation is important. It would be wasteful and

10  unfair for eight judges to apply eight somewhat different understandings of the

11  asserted patents to different accused products. It would be much more fair and

12  efficient for one judge to become familiar with the asserted patents, and to

13  apply that understanding to the accused products uniformly.

14      Further, two of the pending cases—those against Sprint and Apple—

15  involve the exact same accused Apple products. As explained in detail in

16  Plaintiff's Motion to Consolidate Cases for All Purposes, which is fully briefed,

17  both Apple and Sprint use the CoreLocation framework of Apple's iOS

18  operating system in an infringing manner. (*See Innovative Automation v.*

19  *Sprint*, Dkt. No. 31 at 5.) In addition, Sprint further infringes the asserted

20  patents by selling Apple's iOS devices. (*See id*.) Once these two cases have been

21  consolidated—as they should be—the judge overseeing those cases will need to

22  address claims 1–16 of the '536 patent, and claims 1–11 and 14–23 of the '682

23  patent. These claims include every claim asserted against any defendant in these

24  cases.[1]

25

26  [1] Claims 12 and 13 of the '682 patent are not asserted against any defendant.

27

28

Statement of Consent to Consolidation, page 5
5:13-cv-4206-EJD

1    Further, the history of these cases shows that they can easily be

2    consolidated, with gains in efficiency. When these nine cases were filed in

3    October 2013, they were all assigned to the same judge in the Eastern District

4    of Texas. Since that time, the defendants have collaborated extensively in these

5    cases. For example, the parties collaborated to submit a joint case management

6    statement, an agreed order regarding electronic discovery, and a detailed joint

7    protective order brief that raised a number of difficult issues. (*see Evolutionary*

8    *Intelligence v. Apple*, Dkt. No. 84.) Further, as confirmed by the decision of

9    Apple, Facebook, Yelp, and Twitter to file eight petitions for *inter partes*

10   review of the asserted patents at the last possible moment before the one-year

11   deadline, the defendants have collaborated significantly regarding the collection

12   of prior art and the strategy to invalidate the asserted patents.[2] Indeed, Yelp

13   and Twitter filed a joint *inter partes review* petition, and are represented by the

14   same counsel, who throughout this litigation have filed nearly identical briefs

15   on their behalves.

16   The defendants who oppose consolidation do so not because they truly

17   believe that consolidation would be inefficient, but because they fear that the

18   Court may, after consolidating these cases, lift the stays that are currently in

19   place. Indeed, the only defendants that consent to consolidation (Yelp and

20   Twitter) filed consent statements devoted to arguing that the stays should

21   remain in place if the cases are consolidated. (*Evolutionary Intelligence v. Yelp*,

22   Dkt. No. 117; *Evolutionary Intelligence v. Twitter*, Dkt. No. 114.) Likewise,

23   LivingSocial, who "does not generally oppose consolidation," nevertheless

24   opposes consolidation in this case now because "[t]here is no basis at this time

25

26   [2] Seven of the eight petitions have been rejected outright by the Patent Office, with the remaining petition having been rejected in part.

27

28

1    to overrule or second-guess two written orders to stay this case ...”
2    (*Evolutionary Intelligence v. LivingSocial*, Dkt. No. 108.)

3         The status of the stays in these cases, however, is yet another reason that
4    they should be consolidated. At present, it appears likely that the stay in
5    *Millennial Media* will be lifted. On June 10, Judge Donato conditionally
6    granted Millennial Media's motion to stay. The condition was “Millennial's
7    agreement to be bound by the same estoppel that limits IPR petitioners as set
8    forth by 35 U.S.C. § 315(e).” (*Evolutionary Intelligence v. Millennial Media*,
9    Dkt. No. 126 at 10.) The Court cautioned Millennial Media that “absent full
10   consent, the court may sua sponte reconsider this Order.” (*Id*. at 10.)
11   Millennial Media, however, filed a brief expressly refusing to comply with the
12   condition that the Court imposed. (*Id*. at Dkt. No. 127.) In addition, in
13   *Evolutionary Intelligence v. Sprint*, Judge Whyte issued an order requiring the
14   parties to submit briefing regarding whether the stay should be lifted, in light of
15   the fact that the Patent Office rejected seven of the eight *inter partes review*
16   petitions. (*See* Dkt. No. 131.) The matter is now fully brief, but has not yet
17   been determined. Finally, other than in the *LivingSocial* case, the judges
18   presiding over the remaining cases have not yet determined whether the stays
19   should be lifted in light of the Patent Office's recent decision to reject all but
20   one of the *inter partes* review petitions. Plaintiff believes it would be most
21   efficient for one judge to determine, once and for all, whether the cases should
22   move forward or continue to be stayed.

23        For these reasons, Plaintiff consents to consolidation of the above-
24   captioned cases.

25

26

27

28

Respectfully submitted,

Dated: July 2, 2014          **GUTRIDE SAFIER LLP**


*/s/ Todd Kennedy*
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Todd Kennedy, Esq.
Anthony J. Patek, Esq.
Marie McCrary, Esq.

Attorneys for Plaintiff
Evolutionary Intelligence, LLC